IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARMANDO ORTEGA-CHAVEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:17-CV-696-Y |
| | § | |
| WILLIAM SESSIONS, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Armando Ortega-Chavez, a federal prisoner confined in FCI-Pollock in Pollock, Louisiana, against William Sessions, the named Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice for lack of jurisdiction.

I. Factual and Procedural History

Petitioner is a Mexican citizen who had been deported and removed from the United States following deportation proceedings initiated in 1997 based on his 1994 Texas conviction for possession of cocaine. (Pet. 7, ECF No. 1; Indictment, United States v. Ortega-Chavez, Case No. 4:12-CR-248-Y, ECF No. 1.) He was arrested in 2012 and convicted for illegal reentry in this Court in 2013. He continues to serve his 68-month term of imprisonment. (J., United States v. Ortega-Chavez, Case No. 4:12-CR-248-Y, ECF No. 39.) In

this habeas petition, he appears to challenge the validity of the 1997 deportation order and his resultant 2013 conviction and sentence for illegal reentry. (Pet. 8, ECF No. 1.)

II. Discussion

This Court has the duty to assure that it has jurisdiction over the matters before it and may raise a jurisdictional issue sua sponte at any time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that a court lacks jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(h)(3).

The only district that may consider a habeas-corpus petition under § 2241 is the district in which the petitioner is confined at the time the petition is filed. *Rumsfeld v. Padilla,* 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel,* 244 F.3d 370, 375 n.5 (5th Cir. 2001). Petitioner is not confined in this district nor was he confined in this district when the petition was filed. Therefore, this Court lacks jurisdiction over his § 2241 petition.

The Fifth Circuit has determined that a district court lacking jurisdiction over a § 2241 petition has no authority or "discretion" to transfer the petition to the proper district. *See Lee,* 244 F.3d at 373-74. Instead, the Fifth Circuit mandates that

a district court dismiss the petition without prejudice, so that the petitioner "may file the petition in the appropriate court if he desires." *Id.* at 375. Accordingly, this Court must dismiss Petitioner's petition. If he desires, he may file the petition in the United States District Court for the Western District of Louisiana where he is confined.

For the reasons discussed, the Court DISMISSES Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, without prejudice, for lack of jurisdiction. Because the Court lacks jurisdiction, no ruling is made on Petitioner's pending motions. (Appl., ECF No. 2; Mot., ECF No. 5.)

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When a district court dismisses a habeas petition on procedural grounds without reaching the merits, the petitioner must show "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED September 6, 2017.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE